# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

**DELBERT M. HARPER**                                                         **PLAINTIFF**

v.                                          **CIVIL ACTION NO. 3:14-CV-P523-H**

**STEVE CONRAD, CHIEF LMPD** *et al*.                            **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

Plaintiff, Delbert M. Harper, a prisoner proceeding *pro se*, *in forma pauperis* has filed an action under 42 U.S.C. § 1983 (DN 1). This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons set forth below, the Court will dismiss the excessive-force claims against Defendants Whitford and Moore in their official capacities and the failure-to-train claim against Defendant Conrad in his individual capacity. The Court will allow the Fourth Amendment excessive-force claims against Defendants Whitford and Moore in their individual capacities and the failure-to-train claim against Defendant Conrad in his official capacity to proceed.

## I. STATEMENT OF THE CASE

Plaintiff brings this action against three Defendants: (1) Steve Conrad, Chief, Louisville Metro Police [LMPD[1]]; (2) R. Whitford, Officer, LMPD; and (3) D. Moore, Officer, LMPD. Plaintiff sues each Defendant in his individual and official capacity. He seeks monetary and punitive damages as well as injunctive relief. The injunctive relief he seeks is an order directing

---

[1]     The Court will use the abbreviation for the full name of this entity to which Plaintiff referred in the caption of his complaint, Louisville Metro Police Department.

the "LMPD to properly train officers on How to Deal with Mentally Ill suspects & prohibit repeat conduct."[2]

According to Plaintiff, on July 25, 2013, "Defendants Whitford and Moore were called to respond to a domestic violence situation." Plaintiff states that he is "a mentally ill Vietnam veteran amputee admittedly known to be mentally ill." According to Plaintiff, when Defendants Whitford and Moore arrived, they found Plaintiff "yelling profanities at another resident in his apartment building." Plaintiff states that when Defendants Whitford and Moore approached him, he fled behind his apartment building and hid in some bushes. Defendants Whitford and Moore, Plaintiff states, "'[t]azed' Plaintiff into submission" and then jumped on him and "began brutally beating [him] about the head and body causing serious bodily harm." According to Plaintiff, Defendants Whitford and Moore beat him with a police radio and batons. Plaintiff represents that as a result of this beating, he received lacerations to his head and face that required medical treatment. According to Plaintiff, he was transported to the University of Louisville Hospital for treatment of his injuries.

Plaintiff contends that Defendants Whitford and Moore used excessive force to subdue and arrest him in violation of his constitutional and civil rights. As to Defendant Conrad, Plaintiff alleges that he had the duty to "ensure his officers are properly trained in how to deal with mentally ill alleged perpetrators of crime," and that Defendant Conrad failed in this duty resulting in Plaintiff being brutally beaten by Defendants Whitford and Moore.

## II. **STANDARD OF REVIEW**

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any

---

[2] Although Plaintiff capitalizes various letters in his handwritten pleading, the Court will use correct capitalization herein when quoting statements made by Plaintiff.

portion of it, if it determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A; *McGore v. Wrigglesworth*, 114 F.3d at 604. A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 90 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). The court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## III. LEGAL ANALYSIS

### A. *Official-Capacity Claims*

#### *1. Excessive Force*

Plaintiff contends that Defendants Whitford and Moore used excessive force to subdue and arrest him in violation of his constitutional and civil rights. He brings an excessive-force claim against them in their official capacities.

"Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (quoting *Monell v. Dep't of Soc. Servs. of the City of N.Y.*, 436 U.S. 658, 690 n.55 (1978)). Suing Defendants in their official capacities is the equivalent of suing their employer, Louisville/Jefferson County Metro Government. *See Lambert v. Hartman*, 517 F.3d 433, 439-40 (6th Cir. 2008) (stating that civil rights suit against county clerk of courts in his official capacity was equivalent of suing clerk's employer, the county). When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). The Court will first address the second issue, *i.e.*, whether the municipality is responsible for the alleged constitutional violation.

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor -- or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. Dep't of Soc. Servs. of the City of N.Y.*, 436 U.S. at 691; *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). "The 'official policy' requirement was intended to distinguish acts of the *municipality* from acts

of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible." *Pembaur v. Cincinnati*, 475 U.S. 469, 479 (1986).

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell v. Dep't of Soc. Servs. of the City of N.Y.*, 436 U.S. at 694; *Deaton v. Montgomery Cnty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). Simply stated, "a plaintiff must 'identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy.'" *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds by Frantz v. Vill. of Bradford*, 245 F.3d 869 (6th Cir. 2001)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy v. City of Dayton*, 38 F.3d at 286 (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted))

In the instant case, Plaintiff has not alleged that the excessive force he states was used against him by Defendants Whitford and Moore resulted from a municipal policy or custom. As nothing in the complaint demonstrates any purported wrongdoing occurred as a result of a policy or custom implemented or endorsed by the Louisville/Jefferson County Metro Government, the complaint fails to establish a basis of liability against the municipality, and it fails to state a cognizable § 1983 claim.

Accordingly, Plaintiff's excessive-force claims against Defendants Whitford and Moore in their official capacities will be dismissed.

*2. Failure to Train*

Plaintiff alleges that Defendant Conrad had the duty to "ensure that his officers are properly trained in how to deal with mentally ill alleged perpetrators of crime," and that he failed in this duty resulting in Plaintiff being brutally beaten by Defendants Whitford and Moore. Plaintiff seeks to hold Defendant Conrad liable in his official capacity for this alleged failure to train.

In *City of Canton v. Harris*, the Supreme Court addressed municipal liability pursuant to § 1983 when a plaintiff alleges a failure to train. *City of Canton v. Harris*, 489 U.S. 378 (1989). Therein, the Supreme Court held that the inadequacy of police training may serve as the basis for § 1983 liability, but limited such municipal liability. *Id.* at 387. The Court stated, "Only where a municipality's failure to train its employees in a relevant respect evidences a 'deliberate indifference' to the rights of its inhabitants can such a shortcoming be properly thought of as a city 'policy or custom' that is actionable under § 1983." *Id.* at 389. "The [Supreme Court] established three distinct facts which the plaintiff must prove: that a training program is inadequate to the tasks that the officers must perform; that the inadequacy is the result of the city's deliberate indifference; and that the inadequacy is 'closely related to' or 'actually caused' the plaintiff's injury." *Hill v. McIntyre*, 884 F.2d 271, 275 (6th Cir. 1989) (citing *City of Canton v. Harris*, 489 U.S. at 389-391). "'[D]eliberate indifference' is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." *Bd. of Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown*, 520 U.S. 397, 410 (1997).

Upon consideration, the Court will allow Plaintiff's failure-to-train claim against Defendant Conrad in his official capacity to proceed.

*B. Individual-Capacity Claims*

   *1. Excessive Force*

As previously stated, Plaintiff alleges that Defendants Whitford and Moore used excessive force against him in the course of arresting him. A claim of excessive force in the course of making an arrest, investigatory stop, or other seizure of one's person invokes the protection of the Fourth Amendment, which guarantees citizens the right "to be secure in their persons . . . against unreasonable . . . seizures" of the person. *Graham v. Connor*, 490 U.S. 386, 395 (1989) (quoting U.S. CONST. amend. IV); *see also Marvin v. City of Taylor*, 509 F.3d 234, 244 (6th Cir. 2007) (stating that a claim of "excessive force in the course of making an arrest . . . [is] properly analyzed under the Fourth Amendment's 'objective reasonableness' standard") (citation omitted).

Upon consideration, the Court will allow the Fourth Amendment excessive-force claims to proceed against Defendants Whitford and Moore in their individual capacities.

   *2. Failure to Train*

As stated above, Plaintiff alleges that Defendant Conrad had the duty to "ensure that his officers are properly trained in how to deal with mentally ill alleged perpetrators of crime," and that he failed in this duty resulting in Plaintiff being brutally beaten by Defendants Whitford and Moore. He seeks to hold Defendant Conrad liable in his individual capacity for this alleged violation.

A failure of a supervisor to train an offending individual "'is not actionable absent a showing that the official either encouraged or in some way directly participated in [the wrongful conduct]. At a minimum a plaintiff must show that the official at least implicitly authorized, approved or knowingly acquiesced'" in the alleged misconduct. *Leach v. Shelby Cnty. Sheriff*,

891 F.2d 1241, 1246 (6th Cir. 1989) (quoting *Hays v. Jefferson*, 668 F.2d 869, 874 (6th Cir. 1982); *see also Heyerman v. Cnty. Of Calhoun*, 680 F.3d 642, 646-48 (6th Cir. 2012) (finding that absent evidence of personal involvement in the alleged underlying misconduct, the defendant county official could not be individually liable based on her failure to train or supervise); *Phillips v. Roane Cnty., Tenn.*, 534 F.3d 531, 543 (6th Cir. 2008) (finding that "three supervisors' collective failure to train their employees" was not sufficient evidence to hold them liable in their individual capacities since there was no evidence any of them participated in the incident of misconduct). Further, the Sixth Circuit has found that an attempt to hold an officer liable in his individual capacity for his "alleged failure to adequately train employees . . . 'improperly conflates a § 1983 claim of individual supervisory liability with one of municipal liability.'" *Harvey v. Campbell Cnty.*, 453 F. App'x 557, 563 (6th Cir. 2011) (quoting *Phillips v. Roane Cnty.*, 534 F.3d at 543–44); *see also Dillingham v. Millsaps*, 809 F. Supp. 2d 820, 845 (E.D. Tenn. 2011) ("A general 'failure to train' claim has been routinely rejected by the Sixth Circuit in this context (trying to impose liability on a supervisor in his or her individual capacity).").

Plaintiff's complaint is void of any allegation that Defendant Conrad directly participated or implicitly authorized, approved, or acquiesced in the alleged wrongful behavior. Accordingly, the failure-to-train claim against Defendant Conrad in his individual capacity will be dismissed from this action for failure to state a claim upon which relief may be granted.

## **ORDER**

For the reasons set forth more fully above, and the Court being otherwise sufficiently advised,

**IT IS ORDERED** that the following claims shall proceed beyond initial review under § 1915A: **(1) the Fourth Amendment excessive-force claims against Defendant Whitford and Defendant Moore in their individual capacities; and (2) the failure-to-train claim against Defendant Conrad in his official capacity**.

**IT IS FURTHER ORDERED that the following claims are DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted: (1) **the excessive-force claims against Defendants Whitford and Moore in their official capacities; and (2) the failure-to-train claim against Defendant Conrad in his individual capacity**.

The Court will enter a separate Scheduling Order governing the development of the continuing claims. In permitting these claims to continue, the Court passes no judgment on the merits and ultimate outcome of the action.

Date:

cc: Plaintiff, *pro se*
 Defendants
 Attorney, Louisville/Jefferson County Metro Government
4412.003